Darby, J.
Motions to quash service of summons, were filed in these cases.
The petitions aver that the accident, which is the basis for the actions, occurred in Indiana. The residence of the plaintiffs is *366 not revealed in the petitions. Upon the filing of the actions in this court summonses were issued to the sheriff of Preble county, this state, where the defendant resides and were duly served upon him there.
The motions are made upon the grounds that this court has no jurisdiction of the actions, inamuch as the defendant is a resident of Preble county, and the plaintiffs are residents of Kentucky.
It is sought to sustain the jurisdiction in this court under favor of General Code, Section 6308, which provides:
“Actions for injury to a person or property, caused by the negligence of the owner of a motor vehicle, may be brought, by the person injured, against such owner in the county wherein such injured person resides. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions.”
This section has been sustained as valid and constitutional in Allen v. State, 84 O. S., 283, upon the theory in general that the Legislature has a right to determine the jurisdiction of the courts of the state, and a resident of the state is not denied any constitutional right by being required to defend an action in a county other than the one in which he resides.
Prior to the enactment of the section last referred to, actions not local in their character might be brought in the county in which the defendant resides, or may be summoned, except as to certain actions enumerated in General Code, Section 11277.
. Section 6308 extends the jurisdiction in cases of injury by motor vehicles to the county in which the injured person resides.
It would not be claimed that either under that section or Section 11277, árn injured person living in Hamilton county could go into Cuyahoga county and there sue a defendant who did not reside in that county or who could not be summoned there. It would seem that the purpose of the section is for tlie convenience of the injured person, in allowing him to sue where he resides, *367 even though it is in the nature of a punishment upon the defendant in compelling him to go possibly to a remote part of the state to defend. It seems clear that the purpose of the statutes is to give the injured person his choice to sue in the county where he resides, in the county in which the defendant resides, or in a county in which the defendant may be summoned.
If the purpose of the section, i. e. 6308, is as above stated, then it is clear that a person who does not live in any county of the state of Ohio, does not come within the purview of that section.
On behalf of the plaintiff it is claimed that a statute denying to a citizen of another state a remedy given to a citizen of this state contravenes the federal Constitution. Johnstone v. Kelly, 74 Alt., 1099, is cited to support this claim.
It is not necessary to challenge the authority of that case to support the opinion of the court in this case. The plaintiffs here are seeking to prosecute an action, under the section referred to, in a county in which they do not reside, and where the defendant does not reside and can not be summoned.
A citizen of Ohio could not do this under the authority of this section, and to deny to the plaintiffs the benefit of this section is depriving them of no right which citizens of this state would have under similar circumstances.
The right of the defendant to quash the summons is challenged on the ground that it does not appear in the petition that the defendants are residents of the state of Kentucky.
It may be that in cases under Section 6308, depending upon the residence of the injured party, the petition should allege the residence, but if it does not the defendant has a right in a motion to quash the service to show that the injured party is not a resident of the county where the action is brought.
In Burke v. McClintic-Marshall Const. Co., 9 N.P.(N.S.), 577, in a decision by Judge Evans, of the common pleas court of Franklin county, it is said (syllabus) :
“1. Whether the service had upon a defendant corporation has conferred jurisdiction upon the court is a question which may *368 be properly raised by motion to quasb the service and set aside the return.”
In the opinion of the judge in the same ease, is the following language:
“Some question has been made in argument by plaintiff’s counsel that the question is not properly made by motion. In my opinion I think the question is properly made by the motion. The facts necessary for its determination are embodied in the affidavit filed on behalf of the motion.” See also,.page 578.
To the same effect is Murdock v. Saum, 26 C.C(N.S.), 94, in which it is held that the defendant in that case had a right to file a motion attacking the jurisdiction of the justice of the peace, on the ground that the latter was without jurisdiction of the subject-matter of the suit.
In view of the foergoing it is unnecessary for the court to determine whether Section 6308 applies in cases in which the injury occurs in a foreign state though the defendant resides in this state.
The undisputed evidence on the motion being that the plaintiffs are residents of the state of Kentucky, they are not within the class of persons described in Section 6308, and the motions to quash the service of summons is granted in both cases.